**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Franchise Holding II, LLC, a Delaware Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>Huntington Restaurants Group, Inc., a Texas corporation; Golden Management, Inc., a Florida corporation; Richard Beattie, an individual; and Michelle Beattie, an individual, and as husband and wife,<br><br>        Defendants. | No. CV-12-01363-PHX-DGC<br><br>**ORDER** |

On August 9, 2012, Richard Beattie and Michelle Beattie ("Defendants") filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. Doc. 17. On August 27, 2012, Franchise Holding II, LLC. ("Plaintiff") filed its response. Doc. 19. On September 4, 2012, Huntington Restaurant Group, Inc. and Golden Management, Inc. filed a motion to join in the Beattie's motion to dismiss. Doc 20. At a scheduling conference on October 24, 2012, the Court informed Plaintiff that it was not required to file an additional response to the joinder motion and that the Court considers the motion fully briefed. Doc. 26. For the following reasons the court will deny Defendants' motion to dismiss.[1]

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.     Background.**

On January 27, 2003, a default judgment in the amount of $24,874,870.09 plus post judgment interest was entered against Defendants in case No. CV02-066-PHX-FJM. Doc. 1 at 3. On July 20, 2004, The Ninth Circuit affirmed the judgment. *Id*.

Eighteen months later, on January 11, 2006, Plaintiff and Defendants entered in an agreement entitled, "Agreement for Stay of Execution Upon Judgment" ("agreement" or "agreement to stay execution"). *Id*; Doc. 1-1 at 6-10. The agreement set forth a schedule under which Defendants would make periodic payments until they had paid a total of $13,000,000 by June 1, 2013, at which time Plaintiff agreed to release the remainder of the judgment debt. Doc. 1-1 at 8. Plaintiff agreed to "stay any and all execution upon the Arizona Judgment and such stay shall continue so long as the Beattie Parties timely perform the payment obligations," and Defendants agreed that they would "not further contest the Arizona Judgment in any manner and . . . withdraw and dismiss all pending motions or other challenges to the Arizona Judgment." *Id.* at 7. The Defendants also agreed to advise Plaintiff of the creation of any entities controlled by Defendants, to withhold all compensation to Richard Beattie, and to allow Plaintiff reasonable access to the financial records of entities controlled by Defendants. *Id*. at 8-9. In the event that Defendants failed to maintain the payment schedule, the agreement provided that the stay would "immediately cease and [Plaintiff] may, without notice, seek to collect or otherwise enforce the Arizona Judgment to the full extent." *Id*. at 8.

Defendants made all of their scheduled payments until they missed a $1,000,000 installment on June 1, 2008. Doc. 1 at 4. Plaintiff notified Defendants of the default under the agreement on or about June 4, 2008, but Defendants have failed to make any additional payments. Plaintiff filed this action for breach of the stay agreement on June 25, 2012. Doc. 1.

**II.    Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light

most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and they are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**III.  Analysis.**

Defendants move to dismiss the action on two separate grounds. First, they claim that the breach of contract claim is really just an attempt to revive the expired judgment. Doc. 17 at 3-5. Because they believe this suit is identical to the prior action, they argue that the doctrine of claim preclusion should bar Plaintiff from bringing it. *Id*. at 5-6. Alternatively, Defendants assert that the agreement to stay execution was not a legally enforceable contract because it lacked consideration. *Id*. at 6-8. The Court will address each argument in turn.

**A.  Claim Preclusion.**

Defendants contend that Plaintiff did not renew its federal court judgment by filing an affidavit under A.R.S. § 12-1612(B), and therefore is barred by Arizona law from bringing any action to enforce the judgment. A.R.S. § 12-1551(B). Because the judgment has expired, Defendants believe this suit is either an impermissible attempt to revive the judgment or an attempt to re-litigate the underlying claim. Arizona law prohibits reviving expired judgments in this manner, and *res judicata* or claim preclusion prevents the re-litigation of identical claims against identical parties when a final judgment has been entered. *See Rein v. Providian Fin. Corp.*, 270 F.3d 895, 898-99 (9th Cir. 2001). Plaintiff does not dispute that the original claim has expired, but contends that the present suit is for breach of the agreement to stay execution. Doc. 19 at 1.

Defendants' argument that this cause of action is a veiled attempt to enforce the expired judgment is based on the fact that Plaintiff seeks damages of the original

judgment amount rather than the reduced amount that Defendants agreed to pay under the agreement to stay execution. Doc. 17 at 5. Defendants claim that this "litigation strategy reveals that the present lawsuit is simply a repeat [of the previous lawsuit]". *Id.*

On its face, the complaint clearly states that Plaintiff has been damaged "[a]s a result of the Beattie Defendants' default on the Agreement." Doc. 1 ¶ 27. Defendants provide no authority for their contention that the amount of damages Plaintiff seeks changes the nature of the suit or theory of the case. Plaintiff has pled a breach of contract action, and the amount of damages Plaintiff seeks does not change the nature of the claim. *See Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965, 973 (C.D. Cal. 2007) (noting that a party cited no authority for the argument that a claim should be dismissed because the requested damages may be excessive).

Because this breach of contract action involves different claims than the original case, the Court finds that Plaintiff is not precluded from bringing it by *res judicata*.

**B.     Enforceability of the Contract.**

Defendants contend that the agreement to stay execution was not an enforceable contract but rather a "unilateral covenant to forebear collection" that lacks consideration. Doc. 17 at 7. Because Defendants were under an obligation to pay the full judgment amount immediately, they argue that there was no additional consideration for the agreement to pay money they already owed.

Under Arizona law, "a benefit to the promisor or a loss or detriment to the promisee is good consideration for a contract." *Gill v. Kreutzberg*, 537 P.2d 44, 46 (App. 1975); *Cavanagh v. Kelly*, 297 P.2d 1102 (1956).[2] However, "a promise lacks consideration if the promisee is under a preexisting duty to counter-perform." *Travelers Ins. Co. v. Breeze*, 675 P.2d 1327, 1330 (App. 1983); *see also* Restatement (Second) of Contracts § 73 (1981) ("Performance of a legal duty owed to a promisor which is neither

---

[2] The agreement does not specify the applicable law, but both parties use the language of Restatement (Second) of Contracts and cite to Arizona case law. The Court therefore will apply Arizona law.

- 4 -

doubtful nor the subject of honest dispute is not consideration; but a similar performance is consideration if it differs from what was required by the duty in a way which reflects more than the pretense of a bargain."). Although a cause of action for breach of contract in Arizona requires an allegation that the contract was supported by consideration, *Salgado v. America's Servicing Co.* No. CV 10-1909, 2011 WL 3903072 (D. Ariz. Sep. 6, 2011), courts "do not inquire into the adequacy of consideration," *Carroll v. Lee*, 712 P.2d 923, 926 (1986), and "questions of the adequacy of consideration are frequently a matter of fact," *Salgado*, 2011 WL 3903072 at *2 (citing *U.S. Life Title Co. of Arizona v. Gutkin*, 732 P.2d 579, 586 (Ct. App. 1986)).

Because Defendants were already under an obligation to pay the full judgment amount immediately, a promise to pay less than the full judgment, without more, would not be consideration. Plaintiff argues, however, that the agreement required Defendants to engage in additional acts they were not already obligated to do: (1) make payments on specified dates (Doc. 1-1 at 7-8), (2) cease legal challenges to the judgment (*id.* at 7), (3) advise Plaintiff of the creation of entities controlled by Defendants (*id.* at 8), (4) withhold compensation form Richard Beattie (*id.* at 8-9), and (5) allow Plaintiff access to financial records of entities controlled by Defendants (*id.* at 9). Plaintiff argues that these additional obligations called for performance that "differ[ed] from what was required by the [pre-existing] duty in a way which reflects more than a pretense of a bargain." Restatement (Second) of Contracts § 73 (1981).

Defendants respond that these additional acts were not consideration for several reasons. First, paying on a particular schedule is not a bargained-for detriment because Defendants were already obligated to pay the full amount immediately. Doc. 23 at 4-5. Second, any agreement to forestall legal challenge was without substance because no additional legal challenge was pending or viable at the time the agreement was reached. *Id.* at 5-6. Third, as a practical matter, Plaintiff had other ways to gain access to Defendant's financial data and business events, and in any event "Plaintiff offers no affidavit or allegation to show their utility or exercise." *Id.* at 6. Fourth, it is, in

Defendants' view, unlikely that that Richard Beattie could have received compensation anyway and the agreement "fail[s] to attach any value to [it]." *Id*. at 6-7.

When a defendant is legally obligated to pay a judgment amount immediately, his agreement to pay less on a particular schedule does not constitute consideration. *Salgado*, 2011 WL 3903072 at *2 ("by asserting that he paid less than the note obligated him to pay, Plaintiff has made no plausible allegation that the agreement was supported by consideration.")  Furthermore, the release of hypothetical legal claims is insufficient consideration to support a binding contract. *See* Restatement (Second) of Contracts § 74 (1981).  But the additional duties Defendants incurred – to inform Plaintiff of business events, provide access to business records, and withhold compensation – did not exist before the agreement.  Defendants' argument that such obligations were of little value to Plaintiff are unavailing at this stage in the litigation, for courts "do not inquire into the adequacy of consideration." *Carroll*, 712 P.2d at 926.  Plaintiff has alleged that he agreed to forestall execution of the judgment in exchange for promises that Defendants bind themselves to additional obligations.  The Court finds that Plaintiff has alleged consideration sufficient to state a claim for breach of contract.

**IT IS ORDERED** that Defendants' motion to dismiss for failure to state a claim is **denied**.

Dated this 1st day of November, 2012.

_____
David G. Campbell
United States District Judge