**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Franchise Holding II LLC, | No. CV-12-01363-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Huntington Restaurants Group Incorporated, et al., | |
| Defendants. | |

Plaintiff filed a complaint on June 25, 2012 asserting a claim for breach of contract.  Doc. 1.  The Court granted Plaintiff's motion for summary judgment on January 8, 2014 and awarded Plaintiff damages in the amount of $12,800,000 plus prejudgment interest.  Doc. 86.  Plaintiff now asks the Court to award attorneys' fees in the amount of $71,930.82 in connection with this action.  Doc. 89.  The motion is fully briefed and no party has requested oral argument.  For the reasons that follow, the Court will grant the motion.

## I.     Legal Standard.

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."  A.R.S. § 12-341.01(A).  To determine whether an award of attorneys' fees is appropriate, courts consider a number of factors, including: (1) the merits of the unsuccessful party's claim; (2) whether the litigation could have been avoided or settled and whether the

successful party's efforts were completely superfluous in achieving the ultimate result; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) whether the legal question presented was novel or had been previously adjudicated; and (6) whether a fee award would discourage other parties with tenable claims from litigating. *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319-20 (9th Cir. 1997); *Associated Indemn. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (en banc); *Uyleman v. D.S. Rentco*, 981 P.2d 1081, 1086 (Ariz. Ct. App. 1999).

**II.     Analysis.**

**A.     Appropriateness of Awarding Fees.**

Defendants do not dispute that this action arose out of contract.  Doc. 90.  The Court will individually consider each of the six factors outlined above.

**1.     Whether Defendants' Claim was Meritorious.**

As noted above, the Court granted summary judgment for Plaintiff.  Doc. 86. Defendants do not advance any new arguments concerning the merit of their position. This factor favors Plaintiff.

**2.     Whether the Litigation Could Have Been Avoided.**

Defendants argue that "this litigation might well have been avoided had Plaintiff simply renewed its original judgment."  Doc. 90 at 2.  Plaintiff responds that when Defendants stopped making payments under their Stay Agreement with Plaintiff, the original judgment had expired and Plaintiff had "no other recourse other than to initiate this action against Defendants."  Doc. 91 at 2.   The Court agrees.  This factor favors Plaintiff.

**3.     Whether Assessing Fees Would Cause Extreme Hardship.**

Defendants argue that "the Beatties are effectively precluded from receiving compensation from any of the defendant businesses and are limited in their ability to form new businesses."  Doc. 90 at 2-3.  They further argue that "[a] large fee award just adds to the heavy financial burden the Beatties already suffer under."   *Id.* at 3.

Defendants, however, have not provided any evidence of financial hardship. "[T]he party asserting financial hardship has the burden of coming forward with *prima facie* evidence of financial hardship." *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1990). Defendants have failed to meet this burden. This factor favors Plaintiff.

### 4. Whether Plaintiff Prevailed With Respect to All Relief Sought.

The Court granted summary judgment and Plaintiff clearly prevailed with respect to all relief sought. This factor favors Plaintiff.

### 5. Whether the Legal Question Presented was Novel.

This action concerned a breach of contract. Defendant does not contend that any novel legal questions were presented. This factor favors Plaintiff.

### 6. Would a Fee Award Discourage Other Parties?

Neither party argues this point. The Court cannot conclude that a fee award would discourage other parties from litigating. This factor favors Plaintiff.

In sum, all six factors favor Plaintiff. An award of fees is appropriate in this case.

### B. Reasonableness of the Requested Fees.

Defendants make no arguments that the fees requested by Plaintiff are not reasonable. Plaintiff cites *Schweiger v. China Doll Restaurant, Inc.*, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983), for the proposition that the Court should consider "(1) the attorneys' hourly rates, and (2) the amount of time spent on each task." Doc. 89 at 3. Plaintiff argues that "[i]f the attorneys' rates are reasonable and the attorneys' time was reasonable, then the fee award is reasonable as well." *Id.* at 4 (citing *Schweiger*, 673 P.2d at 931-32).

The Court finds the hourly rates charged by Plaintiff's legal team to be reasonable for the Phoenix market and for attorneys of the skill and experience needed for a case such as this. The Court also finds the time records provided by Plaintiff's counsel to be sufficiently detailed, and the hours incurred in pursuing this case to be reasonable. Having considered the record as a whole and the relevant fee award factors, *see Warner*, 694 P.2d at 1184, the Court finds the requested fee award to be reasonable and

1   appropriate.    *See also* LRCiv 54.2(c)(3)(A)-(M) (listing factors bearing on the

2   reasonableness of a fee award).

3       **IT IS ORDERED:**

4       1.      Plaintiff's motion for attorneys' fees (Doc. 89) is **granted**.

5       2.      Plaintiff is awarded attorneys' fees in the amount of **$71,930.82** pursuant

6               to A.R.S. § 12-341.01(A).

7       Dated this 24th day of March, 2014.

8

9

10

11      _____

12                  David G. Campbell
                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28